Exhibit 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Golden Boy Promotions LLC, et al., | Case No. **CV 15-3378-JFW (MRWx)** |
| Plaintiff, | **AMENDED SCHEDULING AND CASE MANAGEMENT ORDER** |
| v. | |
| Alan Haymon, et al., | |
| Defendants. | |

The purpose of this Order is to notify the parties and their counsel of the deadlines and the schedule that will govern this action. SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES. Ordinarily, the dates set forth on the last page are determined after reviewing the parties' Joint Report or consultation with the parties at the Scheduling Conference. Accordingly, the dates and requirements are firm. The Court is very unlikely to grant continuances, even if stipulated to by the parties, unless the parties establish good cause through a concrete showing. **Because this Order in some respects modifies the applicable Local Rules, counsel are advised to read it carefully to avoid default on the**

**EXHIBIT 1**      **4**

obligations established herein.  **Counsel are advised to pay**
**particular attention to the requirements of the Court with**
**respect to electronic filing, the filing of motions for**
**summary judgment, and the documents to be submitted at the**
**Pre-Trial Conference and Trial.**

**1.    ELECTRONIC FILING AND COURTESY COPIES**

All documents that are required to be filed in an
electronic format pursuant to the Local Rules shall be filed
electronically no later than 4:00 p.m. on the date due unless
otherwise ordered by the Court.  Any documents filed
electronically after 4:00 p.m. on the date due will be
considered late and may be stricken by the Court.  Any
documents that counsel attempt to file electronically which
are improperly filed will not be accepted by the Court.

Counsel are ORDERED to deliver **2 copies** of all documents
filed electronically to Chambers**.**  For each document filed
electronically, one copy shall be marked "CHAMBERS COPY" and
the other copy shall be marked "COURTESY COPY."  The
"CHAMBERS COPY" and "COURTESY COPY" are collectively referred
to herein as "Courtesy Copies."  The Courtesy Copies of each
electronically filed document must include on each page the
running header created by the ECF system.  In addition, on
the first page of each Courtesy Copy, in the space between
lines 1 - 7 to the right of the center, counsel shall include
the date the document was e-filed and the document number.
The Courtesy Copies shall be delivered to Chambers no later
than 10:00 a.m. on the next business day after the document
was electronically filed.  All documents must be stapled, the

**EXHIBIT 1**                                                    **5**

electronic proof of service must be attached as the last page of each document, and the exhibits attached to any document must be tabbed.  Counsel shall not staple the "COURTESY COPY" and "CHAMBERS COPY" together.  The "COURTESY COPY" and "CHAMBERS COPY" of all documents must be three-hole punched at the left margin with the oversized 13/32" hole size, not the standard 9/32" hole size.

For any document that is not required to be filed electronically, counsel are ORDERED to deliver 1 conformed copy of the document, which shall be marked "COURTESY COPY," to Chambers **at the time of filing**.

When a proposed order accompanies an electronic filing, a WordPerfect or Word copy of the proposed order, along with a copy of the PDF electronically filed main document, shall be e-mailed to JFW_Chambers@cacd.uscourts.gov.  The subject line of the e-mail shall be in the following format: court's divisional office, year, case type, case number, document control number assigned to the main document at the time of filing, judge's initials and filer's (party) name.  Failure to comply with this requirement may result in the denial or striking of the request or the Court may withhold ruling on the request until the Court receives the required documents.

**2. DISCOVERY**

All discovery shall be completed by the discovery cut-off date specified on the last page of this Order.  **THIS IS <u>NOT</u> THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY, INCLUDING EXPERT DISCOVERY, SHALL BE COMPLETED.**  The Court does not enforce side

**EXHIBIT 1**                                    **6**

agreements to conduct discovery beyond the discovery cut-off date.

Any motion challenging the adequacy of responses to discovery must be heard sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.

In an effort to provide further guidance to the parties, the Court notes the following:

**(a) Depositions**

All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date.

**(b) Written Discovery**

All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

**(c) Discovery Motions**

Whenever possible, the Court expects the parties to resolve discovery issues among themselves in a courteous, reasonable, and professional manner. If they do so, resort to the Court for guidance in discovery is seldom necessary. The Magistrate Judge assigned to this case will rule on discovery motions and protective orders.

/ / /

**EXHIBIT 1**       **7**

1     **(d) Expert Discovery**

2     If expert witnesses are to be called at trial, the

3 parties shall designate <u>affirmative</u> experts to be called at

4 trial and shall provide reports required by Fed.R.Civ.P.

5 26(a)(2)(B) not later than eight weeks prior to the discovery

6 cut-off date. <u>Rebuttal</u> expert witnesses shall be designated

7 and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B)

8 not later than five weeks prior to the discovery cut-off

9 date. Any non-retained expert designated by a party as an

10 affirmative or rebuttal expert shall also prepare and provide

11 an expert report in the form described by Fed.R.Civ.P.

12 26(a)(2)(B). Expert witnesses will be bound by the opinions

13 expressed in their reports prepared in accordance with

14 Fed.R.Civ.P. 26(a)(2)(B) and will not be permitted to offer

15 new opinions at trial. Failure to timely comply with this

16 deadline will result in the expert being excluded at trial as

17 a witness.

18 **3. MOTIONS - GENERAL PROVISIONS**

19     All law and motion matters, except for motions in limine,

20 must be set for <u>hearing</u> (not filed) by the motion cut-off

21 date specified on the last page of this Order. The Court

22 will deny or strike late-filed motions. The title page of

23 all motions must state the hearing date and time for the

24 motion, the Pre-Trial Conference date, and the Trial date.

25     Once a party has noticed a motion for hearing on a

26 particular date, the hearing shall not be continued without

27 leave of Court. If the Court concludes that a motion can be

28 / / /

**EXHIBIT 1**         **8**

resolved without argument, the Court will notify the parties in advance.

If counsel does not intend to oppose a motion, counsel shall immediately inform the Courtroom Deputy by e-mail and immediately file a Notice of Non-Opposition in accordance with the Local Rules.  The parties should note that failure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion.  *See* Local Rules.

Ex parte practice is strongly discouraged.  The Court will require strict adherence to proper ex parte procedures for any ex parte application filed with the Court.  *See* Local Rules and the Court's Standing Order.

**(a) Applications and Stipulations to Extend Time**

No applications or stipulations extending the time to file any required document or to continue any date are effective unless and until the Court approves them. Applications and/or stipulations to extend the time to file any required document or to continue any hearing, Pre-Trial date, or the Trial date must set forth the following:

(i)  the existing due date or hearing date, as well as all dates currently set by the Court in this Order, including the discovery cut-off date, the Pre-Trial Conference date, and the Trial date;

(ii) the new dates proposed by the parties;

(iii) specific, concrete reasons supporting good cause for granting the extension; and

/ / /

/ / /

**EXHIBIT 1**                                    **9**

1     (iv) whether there have been prior requests for
2  extensions by any party, and whether those requests were
3  granted or denied by the Court.

4     All applications and stipulations must be accompanied by
5  a separate and independent proposed order which must be
6  submitted to the Court in accordance with the Local Rules and
7  this Order. Failure to submit a separate proposed order may
8  result in the denial of the application or stipulation or the
9  Court may withhold ruling on the application or stipulation
10 until the Court receives a separate proposed order.

11     **(b)  Joinder of Parties and Amendment of Pleadings**

12     The deadline for joining parties and amending pleadings
13 is sixty days from the date of this Order. Any motions to
14 join other parties or for leave to amend the pleadings shall
15 be filed within twenty days of the date of this Order so that
16 they can be heard and decided prior to the deadline.

17     In addition to the requirements of the Local Rules, all
18 motions to amend the pleadings shall: (1) state the effect of
19 the amendment; (2) be serially numbered to differentiate the
20 amendment from previous amendments; and (3) state the page,
21 line number(s), and wording of any proposed change or
22 addition of material. The parties shall deliver to Chambers
23 a redlined version of the proposed amended pleading
24 indicating all additions and/or deletions of material.

25     **(c)  Withdrawal or Substitution of Counsel**

26     The Court will not grant a request for approval of
27 substitution of counsel after an action has been set for
28 trial unless: (1) counsel files the request using the most

7

**EXHIBIT 1**                                                          **10**

1  recent version of the appropriate forms provided on the

2  Court's website; and (2) the request is accompanied by a

3  declaration signed by a substituting attorney indicating that

4  such attorney has been advised of the trial date and will be

5  prepared to proceed with trial as scheduled.  Any request for

6  substitution of counsel which is not on the proper form or is

7  not accompanied by a declaration signed by a substituting

8  attorney as set forth above will be denied.

9      Counsel who wish to withdraw and substitute their client

10 *pro se* must file a regularly noticed motion to withdraw which

11 demonstrates good cause for the request to withdraw.  The

12 Court will not consider such a motion unless: (1) the motion

13 is accompanied by a declaration signed by the client

14 indicating that the client consents to the withdrawal, has

15 been advised of the time and date of trial, and will be

16 prepared to represent themselves *pro se* on the scheduled

17 trial date; or (2) the Court is otherwise satisfied for good

18 cause shown that the attorney should be permitted to

19 withdraw.

20 **4.  SUMMARY JUDGMENT MOTIONS**

21     The Court will only entertain ONE summary judgment motion

22 by a party.  In the event a party believes that more than one

23 summary judgment motion is necessary to expedite the

24 resolution of issues in the action, the party must obtain

25 leave of court to file more than one summary judgment motion.

26 The Court will require strict adherence to the following

27 requirements:

28 / / /

**EXHIBIT 1**                                    **11**

1    (a)  **Statement Of Uncontroverted Facts and Conclusions of**
2         **Law and Statement of Genuine Disputes of Material**
3         **Fact**

4        The Statement of Uncontroverted Facts and Conclusions of
5    Law is to be prepared in a two column format.  The left hand
6    column should set forth the allegedly undisputed fact or
7    conclusion or law.  The right hand column should set forth
8    the evidence that supports the factual statement or
9    conclusion of law.  The factual statements and conclusions of
10   law should be set forth in sequentially numbered paragraphs.
11   Each paragraph should contain a narrowly focused statement of
12   fact or conclusion of law.  Each numbered paragraph should
13   address a single subject in as concise a manner as possible.

14       The opposing party's Statement of Genuine Disputes of
15   Material Fact must track the movant's Statement of
16   Uncontroverted Facts exactly as prepared.  The document must
17   be in two columns; the left hand column must restate the
18   allegedly undisputed fact, and the right hand column must
19   restate the moving party's evidence in support of the fact,
20   and indicate either undisputed or disputed.  The opposing
21   party may dispute all or only a portion of the statement, but
22   if disputing only a portion, must clearly indicate what part
23   is being disputed.  Where the opposing party is disputing the
24   fact in whole or part, the opposing party must, in the right
25   hand column, set forth the evidence controverting the fact.
26   Where the opposing party is disputing the fact on the basis
27   of an evidentiary objection, the party must cite to the
28   evidence alleged to be objectionable and state the ground of

**EXHIBIT 1**                                    **12**

1  the objection and nothing more.  Counsel are reminded that

2  unwarranted factual denials made in the context of a Summary

3  Judgment Motion are subject to Rule 11 sanctions.  **No**

4  **argument should be set forth in this document.**

5      The opposing party may submit additional material facts

6  that bear on or relate to the issues raised by the movant,

7  which shall follow the format described above for the moving

8  party's Statement of Uncontroverted Facts.  These additional

9  facts shall follow the movant's facts, shall continue in

10  sequentially numbered paragraphs (*i.e.*, if movant's last

11  statement of fact was set forth in paragraph 30, then the

12  first new fact will be set forth in paragraph 31), and the

13  evidence that supports the new fact shall be set forth in the

14  right hand column.

15      The moving party, together with its reply, shall file a

16  separate document entitled "Combined Statement of Facts" that

17  (1) restates the entirety of the opposing party's Statement

18  of Genuine Disputes of Material Fact and (2) responds to any

19  additional facts in the same manner and format that the

20  opposing party must follow in responding to the Statement of

21  Uncontroverted Facts, as described above.

22      **(b) Supporting Evidence**

23      No party should submit any evidence other than the

24  specific items of evidence or testimony necessary to support

25  or controvert a proposed statement of undisputed fact.  Thus,

26  for example, entire sets of interrogatory responses, or

27  documents that do not specifically support or controvert

28  material in the Statements should not be submitted in support

**EXHIBIT 1**                                    **13**

1   of or in opposition to a motion for summary judgment. Any
2   such material will not be considered.

3       Evidence submitted in support of or in opposition to a
4   motion for summary judgment should be submitted either by way
5   of stipulation or as exhibits to declarations sufficient to
6   authenticate the proffered evidence, and should not be
7   attached to the memorandum of points and authorities. The
8   Court will accept counsel's authentication of deposition
9   transcripts, written discovery responses, and the receipt of
10   documents in discovery if the fact that the document was in
11   the opponent's possession is of independent significance.
12   Documentary evidence as to which there is no stipulation
13   regarding foundation must be accompanied by the testimony,
14   either by declaration or properly authenticated deposition
15   transcript, of a witness who can establish its authenticity.

16       All exhibits submitted in support of, and in opposition
17   to, a motion for summary judgment shall be consecutively
18   numbered; no two exhibits shall bear the same number. For
19   example, if the moving party submits one declaration and one
20   request for judicial notice, with four exhibits attached to
21   each document, the exhibits attached to the declaration shall
22   be marked 1 through 4, and the exhibits attached to the
23   request for judicial notice shall be marked 5 through 8. The
24   opposing party's exhibits shall then commence with number 9.
25   Immediately above or below the page number on each page of an
26   exhibit, the parties shall mark "[Party Name]'s Summary
27   Judgment Exhibit No. __".
28   / / /

**EXHIBIT 1**      **14**

1    In addition to the foregoing, any party who offers
2    deposition testimony in support of or in opposition to a
3    motion for summary judgment shall prepare and file a separate
4    document for each deponent which contains only those
5    questions and answers, and any objections made at the time of
6    the deposition to those questions, that a party is relying on
7    to support their motion, with a citation to the appropriate
8    page and line number(s) in the deposition transcript.

9    The parties shall also deliver to chambers (<u>but not file</u>)
10   one copy of the entire deposition transcript (single-sided
11   condensed transcript including the word index) of each
12   deposition referenced.  The deposition transcripts shall be
13   placed in a slant D-ring binder with each transcript
14   separated by a tab divider on the right side and three-hole
15   punched at the left margin with the oversized 13/32" hole
16   size, not the standard 9/32" hole size.  The deposition
17   transcript binder shall include a Table of Contents and the
18   spine of each binder shall be labeled with its contents.

19   The Court's Courtesy Copies of all evidence in support of
20   or in opposition to a motion for summary judgment shall be
21   submitted in a separately bound compendium and shall include
22   a Table of Contents.  If the supporting evidence exceeds
23   fifty pages, each Courtesy Copy of the supporting evidence
24   shall be placed in a slant D-ring binder with each item of
25   evidence separated by a tab divider on the right side.  All
26   documents contained in the binder must be three-hole punched
27   with the oversized 13/32" hole size, not the standard 9/32"
28   / / /

**EXHIBIT 1**                                                    **15**

1   hole size. The spine of each binder shall be labeled with its
2   contents.

3       In addition to the foregoing, the parties shall meet and
4   confer and prepare two binders, one binder containing a joint
5   set of all _exhibits_ relied on by the parties in support of
6   and in opposition to the motion for summary judgment ("Joint
7   Exhibit Binder"), and the other binder containing a joint set
8   of all _declarations_ relied on by the parties in support of
9   and in opposition to the motion for summary judgment ("Joint
10  Declarations Binder").  The parties shall file the Joint Set
11  of Exhibits with a cover page titled "Joint Set of Exhibits"
12  and the Joint Set of Declarations with a cover page titled
13  "Joint Set of Declarations" with the Reply.  The parties
14  shall also deliver to Chambers two copies of both the Joint
15  Exhibit Binder and Joint Declarations Binder in accordance
16  with paragraph 1 of this Order, one set of which shall be
17  marked "CHAMBERS COPY," and the other set of which shall be
18  marked "COURTESY COPY."

19      The Joint Exhibit Binder and Joint Declarations Binder
20  shall include a Table of Contents, and the spine of each
21  binder shall be labeled with its contents.  The Table of
22  Contents for the Joint Exhibit Binder and Joint Declarations
23  Binder shall specifically describe each summary judgment
24  exhibit or declaration and include a citation to each
25  paragraph number in the Combined Statement of Facts that
26  refers to the exhibit or declaration (e.g. Plaintiff's
27  Summary Judgment Exhibit No. 1 - Letter from John Doe to Jane
28  Doe dated January 1, 2007 Re: Reasons for Jane Doe's

13

**EXHIBIT 1**                                    **16**

termination) (Combined Statement of Facts Nos. 2, 8, 10). In preparing the Table of Contents, counsel should <u>not</u> create a new set of exhibit numbers. Counsel shall use the same exhibit numbers that were used to identify the documents in the Motion for Summary Judgment.

**(c) Objections to Evidence**

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection, as indicated above, should be stated in the Statement of Genuine Disputes of Material Fact or Combined Statement of Facts but not argued in that document. Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party. This memorandum should be organized **<u>to track the paragraph numbers of the Statement of Genuine Disputes of Material Fact or Combined Statement of Facts in sequence</u>**. It should identify the specific item of evidence to which objection is made, or in the case of deposition testimony it should quote the relevant testimony, the ground for the objection, and a very brief argument with citation to authority as to why the objection is well taken. The following is an example of the format contemplated by the Court:

> <u>Combined Statement of Facts Paragraph 10</u>: Objection to the supporting deposition testimony of Jane Smith [quote testimony] at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable. To the extent it is offered to prove her

14

**EXHIBIT 1**                                                    17

1     state of mind, it is irrelevant because her state of mind

2     is not in issue.  Fed. R. Evid. 801, 802.

3  **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

4  **OPPONENT'S STATEMENT OF FACTS. THESE WILL BE DISREGARDED AND**

5  **OVERRULED.**

6     **(d)  The Memorandum of Points and Authorities**

7     The movant's memorandum of points and authorities should

8  be in the usual form required under Local Rules and should

9  contain a narrative statement of facts as to those aspects of

10  the case that are before the Court.  All facts should be

11  supported with citations to the paragraph number in the

12  Statement of Uncontroverted Facts that supports the factual

13  assertion <u>and not to the underlying evidence</u>.

14     Unless the case involves some unusual twist, the motion

15  need only contain a brief statement of the Fed.R.Civ.P. 56

16  standard; the Court is familiar with the Rule and with its

17  interpretation under *Celotex* and its progeny.  If at all

18  possible, the argument should be organized to focus on the

19  pertinent elements of the claim(s) for relief or defense(s)

20  in issue, with the purpose of showing the existence or non-

21  existence of a genuine issue of material fact for trial on

22  that element of the claim or defense.

23     Likewise, the opposition memorandum of points and

24  authorities should be in the usual form required by the Local

25  Rules.  Where the opposition memorandum sets forth facts,

26  those facts should be supported with citations to the

27  paragraph number in the Statement of Genuine Disputes of

28  Material Fact <u>and not to the underlying evidence</u>.

**EXHIBIT 1**        **18**

**(e) Proposed Statement of Decision**

Within two days of the filing of the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record. The Proposed Statement of Decision shall not exceed ten pages and shall be in a form that would be appropriate for the Court to enter as its final order on the motion. The Proposed Statement of Decision shall be submitted to the Court in accordance with the Local Rules.

**(f) Timing**

Parties should not wait until the motion cut-off date to bring motions for summary judgment or partial summary judgment. Early completion of non-expert discovery and filing of motions for summary judgment may eliminate or reduce the need for expensive expert depositions which are normally conducted in the last stages of discovery.

**Caveat: Failure of the moving party to comply with these procedures regarding summary judgment motions will result in the denial of the Motion for Summary Judgment. If a party fails to respond to a Motion for Summary Judgment, the Court will assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy, which will likely result in the granting of the Motion for Summary Judgment.**

/ / /

/ / /

/ / /

16

**EXHIBIT 1** 19

**5.    MOTIONS IN LIMINE**

The Court will only entertain a maximum of five motions in limine by a party.  In the event a party believes that more than five motions in limine are necessary, the party must obtain leave of Court to file more than five motions in limine.  The Court will not hear or resolve motions in limine that are disguised summary judgment motions.  No application to file under seal will be granted with respect to a motion in limine or any documents submitted with the motion in limine.

Before filing any motion in limine, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange for this conference.  The conference shall take place in person within ten calendar days of service upon opposing counsel of a letter requesting such conference, but in no event later than twenty-one days before the Pre-Trial Conference.  Unless counsel agree otherwise, the conference shall take place at the office of the counsel for the moving party.  If both counsel are not located in the same county in the Central District, the conference may take place by telephone.  The moving party's letter shall identify the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial, shall state briefly with respect to each such matter the moving party's position (and provide any legal
/ / /

17

**EXHIBIT 1**                                              **20**

1 authority which the moving party believes is dispositive),

2 and shall specify the terms of the order to be sought.

3     If counsel are unable to resolve their differences, they

4 shall prepare and file a separate, sequentially numbered

5 Joint Motion in Limine for each issue in dispute which

6 contains a clear caption which identifies the moving party

7 and the nature of the dispute (*e.g.*, "Plaintiff's Motion in

8 Limine #1 to exclude the testimony of Defendant's expert").

9 Each Joint Motion in Limine shall consist of one document

10 signed by all counsel.  The Joint Motion in Limine shall

11 contain a clear identification of the testimony, exhibits, or

12 other specific matters alleged to be inadmissible and/or

13 prejudicial and a statement of the specific prejudice that

14 will be suffered by the moving party if the motion is not

15 granted.  The identification of the matters in dispute shall

16 be followed by each party's contentions and each party's

17 memorandum of points and authorities.  The title page of the

18 Joint Motion in Limine must state the Pre-Trial Conference

19 date, hearing date for the motions in limine, and Trial date.

20     Joint Motions in Limine made for the purpose of

21 precluding the mention or display of inadmissible and/or

22 prejudicial matter in the presence of the jury shall be

23 accompanied by a declaration that includes the following:

24 (1) a clear identification of the specific matter alleged to

25 be inadmissible and/or prejudicial; (2) a representation to

26 the Court that the subject of the motion in limine has been

27 discussed with opposing counsel, and that opposing counsel

28 has either indicated that such matter will be mentioned or

**EXHIBIT 1**        21

displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (3) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

Unless ordered by the Court, no supplemental or separate memorandum of points and authorities shall be filed by either party in connection with any motion in limine.

The Court's Courtesy Copies of all evidence in support of or in opposition to a motion in limine, including declarations and exhibits to declarations, shall be submitted in a separately bound volume and shall include a Table of Contents. If the supporting evidence exceeds fifty pages, each Courtesy Copy of the supporting evidence shall be placed in a slant D-ring binder with each item of evidence separated by a tab divider on the right side, and the spine of the binder shall be labeled with its contents. All documents contained in the binder must be three-hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.

The Court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel: (a) failed to confer in a timely manner; (b) failed to provide the opposing party's portion of the joint motion in a timely manner; or (c) refused to sign and return the joint motion after the opposing party's portion was added.

**EXHIBIT 1**                                                          **22**

1  Unless otherwise ordered by the Court, motions in limine
2  should be filed and will be heard on the dates specified on
3  the last page of this Order.  Unless the Court in its
4  discretion otherwise allows, no motions in limine shall be
5  filed or heard on an ex parte basis, absent a showing of
6  irreparable injury or prejudice not attributable to the lack
7  of diligence of the moving party.

8  The failure of any counsel to comply with or cooperate in
9  the foregoing procedures will result in the imposition of
10 sanctions, including a resolution of the issue against the
11 party refusing to cooperate.

12 **6.  PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**

13 **(a)  General Provisions**

14 The Pre-Trial Conference ("PTC") will be held on the date
15 specified on the last page of this Order, unless the Court
16 expressly waived a PTC.  If adjustments in the Court's
17 calendar to accommodate congestion become necessary, the
18 Court may re-schedule the PTC instead of the trial date.
19 Therefore, the parties should assume that if the PTC goes
20 forward, the trial <u>will</u> go forward without continuance,
21 although some brief period of trailing may prove necessary.

22 The lead trial attorney on behalf of each party shall
23 attend both the PTC and all meetings of the parties in
24 preparation for the PTC, unless excused for good cause shown
25 in advance of the PTC.

26 A continuance of the PTC at the parties' request or by
27 stipulation is highly unlikely.  **Specifically, failure to**
28 **complete discovery is not a ground for continuance.**  In the

20

**EXHIBIT 1**                                                23

1  unlikely event that the Court agrees to continue the PTC, the
2  trial date is likely to be delayed as a result.  If a change
3  in the trial date is necessitated or likely because of the
4  Court's calendar or otherwise, modifications of that date
5  will be discussed at the PTC.

6      At the PTC, the parties should be prepared to discuss
7  means of streamlining the trial, including, but not limited
8  to:  bifurcation; presentation of foundational and non-
9  critical testimony and direct testimony by deposition
10 excerpts; narrative summaries and/or stipulations as to the
11 content of testimony; presentation of testimony on direct
12 examination by affidavit or by declaration subject to cross-
13 examination; and qualification of experts by admitted
14 resumes.  The Court will also discuss settlement.

15 **(b)  Form of Pre-Trial Conference Order ("PTCO")**

16     The proposed PTCO shall be filed by the date specified on
17 the last page of this Order.  Adherence to this time
18 requirement is necessary for in-chambers preparation of the
19 matter.  The form of the proposed PTCO shall comply with
20 Appendix A to the Local Rules and the following:

21          (i)  Place in "ALL CAPS" and in **bold** the separately
22 numbered headings for each category in the PTCO (*e.g.*, "**1.**
23 **THE PARTIES**" or "**7.  CLAIMS AND DEFENSES OF THE PARTIES**").

24          (ii) Include a Table of Contents at the beginning.

25          (iii) In specifying the surviving pleadings, state
26 which claims or counterclaims have been dismissed or
27 abandoned (*e.g.*,"Plaintiff's second cause of action for
28 breach of fiduciary duty has been dismissed."). Also, in

**EXHIBIT 1**                    **24**

multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, specify to which party each claim or counterclaim is directed.

(iv) In drafting the PTCO, the Court expects that the parties will attempt to agree on and set forth as many uncontested facts as possible. A carefully drafted and comprehensively stated stipulation of facts will assist the Court in preparing for the Pre-Trial Conference.

**(v) In specifying the parties' claims and defenses in Section 7 of the PTCO, each party shall closely follow the examples set forth in Appendix A of the Local Rules.**

(vi) The Court may submit fact issues to the jury in the form of findings on a special verdict form. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

(vii) If expert witnesses are to be called at trial, each party must list and identify its respective expert witnesses, both retained and non-retained. Failure of a party to list and identify an expert witness in the PTCO shall preclude the party from calling that expert witness at trial.

**(c) Rule 16 Filings; Memoranda; Witness Lists; Exhibit Lists**

The parties must comply fully with the requirements of Local Rule 16. They shall file carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief), along with their respective Witness Lists and

**EXHIBIT 1** 25

1 Exhibit Lists, all in accordance with the Local Rules.  See
2 the last page of this Order for applicable dates.

3 **(d)  Summary of Witness Testimony and Time Estimates**

4 Counsel shall prepare a list of their witnesses,
5 including a brief summary (two to three paragraphs) of each
6 witness's expected testimony, an estimate of the length of
7 time needed for direct examination, and whether the witness
8 will testify by deposition or in person.  Counsel shall
9 exchange these lists with opposing counsel.  **Counsel shall**
10 **jointly file a single list of witness testimony summaries,**
11 **including estimates for direct examination of their own**
12 **witnesses and estimates for cross-examination of opposing**
13 **witnesses.**  The joint witness testimony summaries shall be
14 filed at the same time counsel submit the PTCO.  If a party
15 intends to offer deposition testimony into evidence at trial,
16 the party shall comply with the Local Rules.

17 **(e)  Pre-Trial Exhibit Stipulation**

18 The parties shall prepare a Pre-Trial Exhibit Stipulation
19 which shall contain each party's numbered list of all trial
20 exhibits, with objections, if any, to each exhibit including
21 the basis of the objection and the offering party's response.
22 All exhibits to which there is no objection shall be deemed
23 admitted.  The parties shall also identify each witness they
24 anticipate will testify about and/or lay the foundation for
25 the exhibit.  All parties shall stipulate to the authenticity
26 of exhibits whenever possible, and the Pre-Trial Exhibit
27 Stipulation shall identify any exhibits for which
28 / / /

23

**EXHIBIT 1**                    **26**

1 authenticity has not been stipulated to and the specific

2 reasons for the party's failure to stipulate.

3     The Pre-Trial Exhibit Stipulation shall be substantially

4 in the following form:

5                 <u>Pre-Trial Exhibit Stipulation</u>

6 <u>Plaintiff(s)' Exhibits</u>

7 <u>Number  Description  Witness  If Objection, State Grounds  Response to Objection</u>

8 <u>Defendant(s)' Exhibits</u>

9 <u>Number  Description  Witness  If Objection, State Grounds  Response to Objection</u>

10     The Pre-Trial Exhibit Stipulation shall be filed at the

11 same time counsel file the PTCO.  Failure to comply with this

12 paragraph shall constitute a waiver of all objections.

13 **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

14 **OPPOSING PARTY'S EXHIBITS. THESE WILL BE DISREGARDED AND**

15 **OVERRULED.**

16     **(f)  Jury Instructions, Verdict Forms, Special**

17             **Interrogatories**

18     Fourteen days before the required Local Rule 16-2

19 meeting, the parties shall exchange proposed jury

20 instructions, verdict forms, and, if necessary, special

21 interrogatories.  Seven days before the meeting, counsel

22 shall exchange written objections, if any, to the proposed

23 jury instructions, verdict forms, and special

24 interrogatories.  At the required  meeting, lead counsel

25 shall confer with the objective of submitting one set of

26 agreed upon instructions, a verdict form, and, if necessary,

27 special interrogatories.

28 / / /

**EXHIBIT 1**              **27**

1    If lead counsel agree upon one complete set of jury

2    instructions, they shall file a joint set of proposed jury

3    instructions, arranged in a logical sequence with each

4    instruction sequentially numbered, and identified as

5    "Stipulated Instruction No. ___ Re _____," with the blanks

6    filled in as appropriate.  If the parties cannot agree upon

7    one complete set of jury instructions, they shall file the

8    following two joint documents with the Court:

9        (i)  A joint set of proposed jury instructions

10   arranged in a logical sequence with each instruction

11   sequentially numbered.  If undisputed, an instruction shall

12   be identified as "Stipulated Instruction No. ___ Re _____,"

13   with the blanks filled in as appropriate.  If disputed, each

14   alternate version of the disputed instruction shall be

15   inserted together (back to back) in their logical place in

16   the overall sequence.  Each such disputed instruction shall

17   be identified as "Disputed Instruction No. ___ Re _____

18   Proposed By  _____," with the blanks filled in as

19   appropriate.  All disputed versions of an instruction shall

20   bear the same instruction number.  If a party does not have a

21   counter-version of an instruction and simply contends no such

22   instruction should be given, then that party should so state

23   (and explain why) on a separate page inserted in lieu of an

24   alternate version; and

25       (ii)  A joint memorandum of law in support of each

26   party's disputed instructions, organized by instruction

27   number.  The joint memorandum of law shall quote the text of

28   each disputed instruction and shall set forth each party's

**EXHIBIT 1**                                        **28**

respective position and legal authority, immediately after
the text of each disputed instruction.

Each proposed instruction, whether agreed upon or
disputed, shall (a) be set forth in full on a separate page;
(b) embrace only one subject or principle of law; (c) cite to
the legal authority for or source of the instruction; and (d)
reference the claim for relief to which the instruction
relates with a citation to Section 7 of the PTCO.

**A Table of Contents shall be included with all jury
instructions submitted to the Court.**  The Table of Contents
shall set forth the following:

       (i)   The number of the instruction;

       (ii)  A brief title of the instruction;

       (iii) Whether it is undisputed or disputed;

       (iv)  The source of the instruction; and

       (v)   The page number of the instruction.

For example:

| Number | Title | Source | Page No. |
|--------|-------|--------|----------|
| 1 | Burden of Proof (Undisputed) | 9th Cir. Man. of Model Jury Instr. 5.1 | 5 |

The Court directs counsel to use the instructions from
the <u>Ninth Circuit Manual of Model Jury Instructions</u> (West
Publishing, most recent edition) where applicable.  Where
California law is to be applied and the above instructions
are not applicable, the Court prefers counsel to use the
<u>Judicial Council of California Civil Jury Instructions</u>
("CACI") (LexisNexis Matthew Bender, most recent edition).

**EXHIBIT 1**       29

1  If neither of these sources is applicable, counsel are

2  directed to use the instructions from O'Malley, Grenig and

3  Lee, <u>Federal Jury Practice and Instructions</u> (West Group, most

4  recent edition).  Any modifications made to the original form

5  instruction from the foregoing sources (or any other form

6  instructions) must be specifically identified, along with the

7  authority supporting the modification.  **Counsel shall not**

8  **submit proposed preliminary instructions to be given to the**

9  **jury prior to opening statements.**

10     If the parties agree upon a verdict form and/or special

11  interrogatories, they shall file a joint verdict form and/or

12  special interrogatories, with the questions arranged in a

13  logical sequence.  If the parties cannot agree upon a verdict

14  form and/or special interrogatories, they shall file a joint

15  document containing each party's alternative version along

16  with a brief explanation of each party's respective position.

17     The joint set of proposed jury instructions, the joint

18  memorandum of law, and verdict form(s) and/or special

19  interrogatories are to be filed with the PTCO and other Local

20  Rule 16 documents.  Courtesy Copies shall be provided to the

21  Court in accordance with Section 1 of this Order.  **In**

22  **addition, the parties shall e-mail the joint set of proposed**

23  **jury instructions, joint memorandum of law, and verdict**

24  **form(s) and/or special interrogatories in WordPerfect or Word**

25  **format to the Chambers' e-mail address**

26  **(JFW_Chambers@cacd.uscourts.gov) at the time of filing.**

27     Immediately after the Court's final ruling on the

28  disputed jury instructions, counsel shall file one final

**EXHIBIT 1**       **30**

1  "clean set" of jury instructions, which shall be sent into
2  the jury room for the jury's use during deliberations.  The
3  "clean set" shall contain only the text of each instruction
4  set forth in full on each page, with the caption "Court's
5  Instruction No. ___" (eliminating supporting authority,
6  citations to the PTCO, etc.).  Counsel shall also e-mail the
7  final "clean set" of jury instructions in WordPerfect or Word
8  format to the Chambers' e-mail address
9  (JFW_Chambers@cacd.uscourts.gov) at the time of filing.

10      **Caveat:  The failure of any counsel to comply with or**
11  **cooperate in <u>all</u> of the foregoing procedures regarding jury**
12  **instructions and/or verdict forms will constitute a waiver of**
13  **all objections to the jury instructions and/or verdict form**
14  **used by the Court.**

15      **(g) Real-Time Reporting Requirement**

16      Each party must file with the Court, at the same time
17  counsel submit the PTCO, a document for the Court Reporter
18  which contains proper names, unusual or scientific terms, or
19  any foreign or uncommon words that are likely to be used by
20  the parties during the PTC and the Trial.  Each party shall
21  also e-mail a copy of the document to the Chambers' e-mail
22  address (JFW_Chambers@cacd.uscourts.gov) at the time of
23  filing.

24      **(h)  Joint Statement of the Case and Requests for Voir**
25          **Dire**

26      Two days prior to the Pre-Trial Conference, the parties
27  shall file their proposed voir dire questions and their joint
28  statement of the case which the Court shall read to all

**EXHIBIT 1**                                    **31**

1  prospective jurors prior to the commencement of voir dire.
2  The statement should be not longer than two or three
3  paragraphs.

4      The Court conducts voir dire of all prospective jurors.
5  The parties need not submit requests for standard voir dire
6  questions, such as education, current occupation, marital
7  status, prior jury service, etc., but should include only
8  proposed questions specifically tailored to the parties and
9  issues of the case.

10 **7.   COURT TRIALS**

11     **(a)  Declarations of Witness Direct Testimony**

12     Counsel in non-jury trials shall submit the direct
13 testimony of their witnesses in writing in a declaration
14 executed under penalty of perjury.  These declarations shall
15 be in admissible form with an appropriate foundation
16 established for the declarant's statements.  Paragraphs in
17 each declaration shall be numbered consecutively to
18 facilitate the identification of paragraphs for evidentiary
19 objections.  Any exhibits which are attached to a witness
20 declaration shall be numbered consistently with the number of
21 the exhibit on the Joint Exhibit List.

22     Counsel are to exchange and file these declarations at
23 least fourteen calendar days before trial, unless otherwise
24 ordered by the Court.  Courtesy Copies shall be provided to
25 the Court in accordance with Section 1 of this Order.
26 Courtesy Copies shall be submitted to the Court in a slant D-
27 ring binder with each declaration separated by a tab divider
28 on the right side.  All documents must be three-hole punched

**EXHIBIT 1**                                    **32**

with the oversized 13/32" hole size, not the standard 9/32" hole size.  The binders shall also contain a Table of Contents listing the declarations contained therein, and the spine of the binder shall be labeled with its contents.

Eight calendar days before trial, counsel may file evidentiary objections to those declarations.  Counsel shall prepare a separate document for each declaration for which they have an evidentiary objection in which they shall quote the specific language from the declaration to which they object, followed by the objection and any relevant argument. Counsel shall file any reply or response to the objections by noon on the fifth calendar day before trial.  Courtesy Copies shall be provided to the Court in accordance with Section 1 of this Order.  **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPOSING PARTY'S WITNESS DECLARATIONS. THESE WILL BE DISREGARDED AND OVERRULED.**

At trial, the Court will rule on the evidentiary objections and, depending upon the ruling, the declarations will be received in evidence, either in whole or in part, or rejected.  Counsel will then conduct the cross-examination and re-direct examination at trial.

Failure to comply with the terms of this Order will result in sanctions or the Court may refuse to allow that witness to testify.

**(b)  Trial Briefs**

Counsel for each party shall file and serve a trial brief, not to exceed 15 pages in length, fourteen calendar days before trial.

**EXHIBIT 1**                                                33

**(c) Findings of Fact and Conclusions of Law**

Counsel for each party shall file and serve initial proposed findings of fact and conclusions of law fourteen calendar days before trial.  Counsel for each party shall also e-mail a copy of their proposed findings of fact and conclusions of law to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) on the date due.  Counsel for each party shall then:

        (i)    Underline in red the portions which it disputes;

        (ii)   Underline in blue the portions which it admits; and

        (iii)  Underline in yellow the portions which it does not dispute, but deems irrelevant.

Counsel may agree with a part of a finding or conclusion, disagree with a part of it, and/or consider a part of it irrelevant.

Two marked copies of opposing counsel's proposed findings of fact and conclusions of law shall be filed with the Court seven calendar days before trial and one marked copy shall be served on opposing counsel.  Courtesy Copies shall be provided to the Court in accordance with Section 1 of this Order.

**8.    SETTLEMENT**

This Court will not conduct settlement conferences in non-jury cases which the Court will try unless counsel for all parties and their respective clients agree either in

/ / /

31

**EXHIBIT 1**                                        **34**

writing or on the record.  In jury cases, the Court will
conduct a settlement conference at the parties' joint request
if three conditions exist:

(a)  The parties are satisfied that the fact issues in
the case will be tried to a jury;

(b)  All significant pre-trial rulings which the Court
must make have been made; and

(c)  The parties desire the Court to conduct the
conference, understanding that if settlement fails, the Court
will preside over trial of the case.

The parties must file a Status Report re: Settlement at
the time they lodge the Proposed Pre-Trial Conference Order.
The Status Report shall include the name and phone number of
the Settlement Officer who assisted the parties with their
settlement conference.

**Caveat:  If counsel fail to cooperate in the preparation
of the required Pre-Trial documents, fail to file the
required Pre-Trial documents, or fail to appear at the Pre-
Trial Conference and such failure is not otherwise
satisfactorily explained to the Court: (a) the cause shall
stand dismissed for failure to prosecute if such failure
occurs on the part of the plaintiff; (b) default judgment
shall be entered if such failure occurs on the part of the
defendant; or (c) the Court may take such action as it deems
appropriate.**

IT IS SO ORDERED.

DATED: February 29, 2016          _____
                                  JOHN F. WALTER
                                  UNITED STATES DISTRICT JUDGE

32

**EXHIBIT 1**                                              **35**

# JUDGE JOHN F. WALTER
## SCHEDULE OF TRIAL AND PRE-TRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (jury)** Estimated length: _4_ days | 8:30 am | | | | 1/31/17 |
| **[Jury trial] Hearing on Motions in Limine; Hearing on Disputed Jury Instructions** | 10:00 am | | | | 1/20/17 |
| **[Court trial] Hearing on Motions in Limine** | 10:00 am | | | | X |
| **Pre-Trial Conference; File Proposed Voir Dire Qs and Agreed-to Statement of Case** | 10:00 am | | | | 1/13/17 |
| **Submit Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | | | | | 1/2/17 |
| **Last day for hearing motions \*** | 1:30 pm | | | | 11/28/16 |
| **Discovery cut-off** | | | | | 11/1/16 |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

| | | | | | |
|---|---|---|---|---|---|
| **Last day to conduct Settlement Conference** | | | | | 5/3/16 |
| **Last day to file Joint Report re: results of Settlement Conference** | | | | | 5/10/16 |

\* Motions for class certification shall be filed in accordance with Local Rule 23-3.

33

**EXHIBIT 1**                                           36