REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-23 Filed 10/31/16 Page 1 of 9 Page ID #:4689

EXHIBIT 23
WITNESS: GOMEZ
DATE: 09/22/16
PAGE: 1 of 9
M. DICHIRICO, CSR 13779

## TERM SHEET

The following sets forth the material terms of the agreement ("Agreement"), dated as of September 23, 2010, between Golden Boy Promotions, Inc. ("Promoter") and ███████████ regarding the grant of Boxer's exclusive promotional rights to Promoter.

1. <u>Term / Bouts</u>: Commencing upon the date hereof and continuing until the date which is five years after Boxer's first bout hereunder, subject to extension or termination as set forth herein (the "Term").

2. <u>Rights</u>: Boxer hereby grants to Promoter the sole and exclusive right to promote all professional boxing matches in which Boxer participates during the Term (the "Bouts" and each, a "Bout"). Boxer agrees that during the Term: (a) Boxer shall not engage in any boxing match other than Bouts promoted by Promoter under this Agreement; and (b) neither Boxer nor anyone acting on Boxer's behalf shall negotiate for nor contract for Boxer to engage in any boxing match other than Bouts promoted by Promoter under this Agreement.

3. <u>Bonus</u>: Subject to Boxer's signature of this Agreement in accordance with all Commission requirements and Promoter's approval of Boxer's medical evaluation, and provided Boxer is not in breach or default hereunder, Promoter shall pay Boxer ███████████.

4. <u>Bouts / Minimum Purses</u>:
   (a) Promoter shall use commercially reasonable best efforts to arrange Bouts for Boxer as determined in Promoter's good faith discretion, in accordance with the terms set forth herein. Subject to any default, illness, injury or other unavailability of Boxer, Promoter shall offer Boxer the right to participate in the applicable minimum number of Bouts per year set forth below. Boxer's purse for each Bout will be negotiated reasonably and in good faith in accordance with boxing industry custom and practice for boxers of Boxer's stature, taking into account then-current market conditions, the opponent, the event budget and other similar factors, provided that no delay or failure to agree on purses shall affect the validity, enforceability or effectiveness of this Agreement, and further provided that in no event shall Boxer's purse for any Bout be less than the applicable minimum (if any) set forth below.

   [REDACTED]

   As used herein, a "year" is defined as each successive consecutive twelve-month period commencing upon the date of Boxer's first bout hereunder hereof. Notwithstanding the foregoing, if Boxer wins an IBF, WBA, WBC or WBO world title (including an interim title, except as expressly set forth herein) (a "Major World Title") during the Term, then the annual minimum number of bouts shall be reduced to two.

   (b) With respect to the each particular type of bout described below, Boxer shall be entitled to the corresponding minimum purse, in lieu of the minimums described in Paragraph 4(a) above.



6126.3.2
September 22, 2010

HIGHLY CONFIDENTIAL

GBP003276

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW   Document 159-23   Filed 10/31/16   Page 2 of 9   Page ID #:4690



(c) For purposes of clarity, in the event that more than one minimum purse described above applies to a particular bout, the higher minimum purse shall control.

(d) For Bouts other than those listed above, Boxer's purse for each such Bout will be negotiated reasonably and in good faith in accordance with boxing industry custom and practice for boxers of Boxer's stature, taking into account then-current market conditions, the opponent, the event budget and other similar factors, provided that no delay or failure to agree on purses shall affect the validity, enforceability or effectiveness of this Agreement.

5. <u>Bout Arrangements</u>:   (a) Boxer's opponent for each Bout will be selected by Promoter, subject to Boxer's approval (which approval shall not be unreasonably withheld). For each Bout promoted by Promoter hereunder, Promoter shall provide Boxer with the following (for use by Boxer and Boxer's personnel): (i) four (4) round-trip coach domestic airfares (on an if available, if used basis) from a major airport nearest Boxer's training camp within the United States to the major airport nearest to the city of the Bout; and (ii) four (4) standard hotel rooms, and per diems or meal coupons for four (4) persons, for such period of time prior to the Bout as determined by Promoters in good faith. Promoter shall provide Boxer with six (6) complimentary tickets of admission to each Bout promoted by Promoter hereunder.

(b) For each Bout, Boxer shall execute and comply with the terms of Promoter's customary Bout Agreement and/or the bout contract required by the applicable athletic or boxing commission ("Commission") and shall cooperate as required by Promoter to comply with any applicable law or regulation. Boxer agrees to comply with all rules and regulations of the applicable sanctioning body or bodies and all applicable governmental, legal or regulatory authorities. Boxer agrees to perform such additional acts, make such appearances (before the Commission or otherwise), and to execute and deliver any additional documents as Promoter may deem necessary to effectuate this Agreement.

(c) Notwithstanding anything to the contrary contained herein, if any Bout hereunder is subject to a purse bid ("Purse Bid Bout"), Promoter may submit a bid for such bout. If Promoter wins the applicable purse bid, then: (i) the terms applicable to the Purse Bid Bout shall be as determined by the purse bid, in lieu of the terms set forth in this Agreement; (ii) Boxer agrees that Boxer's purse for such Purse Bid Bout shall be ███ ████████████████████ amount which he would otherwise be entitled to receive pursuant to the rules and regulations of the applicable sanctioning organization (and Boxer acknowledges that he has granted Promoter ████████████████ of the purse which he would otherwise be entitled to receive because Boxer understands and agrees that it is in his interest for Promoter to win the rights to all Purse Bid Bouts); and (iii) the Term shall be extended for the amount of time Boxer is unavailable as a result of Boxer's participation in the Purse Bid Bout. If Promoter submits a bid but does not win, then: (i) Promoter's rights hereunder shall continue in full force and shall not be affected in any way; (ii) Promoter shall be entitled to receive, and Boxer shall direct the

September 22, 2010

2



HIGHLY CONFIDENTIAL

GBP003277

REDACTED VERSION OF DOCUMENT
FILED PARTIALLY UNDER SEAL PURSUANT TO
ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW   Document 159-23   Filed 10/31/16   Page 3 of 9   Page ID #:4691

applicable promoter of the Purse Bid Bout to pay directly to Promoter, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for such purse bid bout, which payment shall be delivered to Promoter within three business days after the applicable bout; and (iii) Boxer's obligations hereunder shall continue immediately following the Purse Bid Bout, provided that the Term shall be extended for the amount of time Boxer is unavailable as a result of Boxer's participation in the Purse Bid Bout.

(d) Promoter shall be the exclusive owner of all rights in and to the Bouts, in all media throughout the world in perpetuity, and Boxer's grant of rights hereunder includes, without limitation, all rights required to arrange, stage and sell tickets of admission to the Bouts; all exclusive worldwide rights to broadcast, telecast, record, film and transmit electronically such Bouts for exhibition in all media; all merchandising and other ancillary and subsidiary rights therein; the unrestricted worldwide right to use, reproduce and display Boxer's name, voice, likeness and/or biography in connection with the advertising, promotion and exploitation of all such Bouts and any related activities (and all rights therein and/or footage thereof) and Boxer's career and Promoter's business and activities and as otherwise determined by Promoter in Promoter's sole discretion.

6. Publicity/Sponsorship: Boxer agrees to cooperate and assist in publicizing, advertising and promoting each Bout hereunder and to appear at and participate in a reasonable number of press conferences, interviews and other publicity appearances and activities at times and places designated by Promoter. Except for the names of athletic equipment manufacturers appearing on Boxer's equipment in a reasonable size, location and placement, Boxer agrees that no advertising or promotional material shall appear on Boxer's body or on any item of clothing worn by Boxer, his trainers, seconds or assistants during and/or at any Bout or any related event without the prior written approval of Promoter (which approval shall not be unreasonably withheld). In any event, no advertising or promotional material appearing on Boxer's body or on any item of clothing worn by Boxer, his trainers, seconds or assistants during and/or at any Bout or any related event shall conflict with any sponsor of the Event or the site; shall display the name, logo or identification of any hotel, casino or gaming, wagering, betting or line service, or any other entity involved with gaming, wagering or betting lines; display the name, logo or identification of any soft drink or other beverage manufacturer or distributor; be in the form of a body or other temporary tattoo or artwork; or be lewd, obscene or otherwise inappropriate (as determined by Promoter and/or the applicable television network in its absolute discretion) for display to the intended live and/or television audience(s).

7. Cancellation / Postponement: In the event that: (a) Boxer fails or is unable to perform any obligation hereunder due to any illness, injury or disability or due to an order of the Commission or other legal or regulatory entity or as a result of Boxer's breach or non-performance hereunder or failure to approve opponents or agree on applicable purses; or (b) any Bout scheduled under this Agreement is postponed, or Promoter's performance hereunder is prevented or material impeded, as a result of any reason provided in the immediately preceding clause (a) or in the applicable Bout Agreement, or due to an event of force majeure, disaster, labor action, power outage or other reason beyond Promoter's reasonable control, then the Term shall be automatically extended for the period of the applicable event causing the postponement or other delay.

8. Extension / Termination: Boxer agrees to promptly submit to such reasonable medical examinations and provide such information (including full disclosure of all past or present injuries, medical conditions or surgical procedures) as Promoter may request in order to establish Boxer's physical ability to participate in Bouts hereunder. All of Promoter's obligations hereunder are conditioned

September 22, 2010

3

HIGHLY CONFIDENTIAL

GBP003278

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-23 Filed 10/31/16 Page 4 of 9 Page ID #:4692

upon Promoter's review and approval, in its sole discretion, of the results of Boxer's medical exams and disclosures. If during the Term of this Agreement Boxer wins a Major World Title, then the Term shall be extended by a period of two years beyond the date the Term (as it may be extended pursuant to any other provision hereunder) would otherwise expire or until Boxer has participated in four bouts promoted by Promoter after the date the Term (as it may be extended pursuant to any other provision hereunder) would otherwise expire. If during the Term: (a) Boxer becomes a party to any agreement with a media network or outlet; or (b) any such agreement with a media network or outlet to which Boxer is a party is extended, then the Term of this Agreement shall be extended so that it is coterminous with the complete period of the term of any such agreement. Notwithstanding anything to the contrary contained herein, in no event shall the term of this Agreement extend beyond five years or the otherwise maximum term permitted by any applicable law or regulation, if longer. In the event that Boxer is not declared the winner of any professional boxing match during the Term, then: (a) Promoter shall have no further obligation to pay the amounts described in Paragraph 4 above; and (b) Promoter shall have the right to renegotiate the guaranteed minimum purses hereunder, which purses shall be mutually agreed pursuant to reasonable, good faith negotiations in accordance with boxing industry custom and practice for boxers of Boxer's stature, taking into account the event budget, the opponent and other similar factors, provided that no delay or failure to agree on purses shall affect the validity, enforceability or effectiveness of this Agreement. In addition, in the event that Boxer is not declared the winner of any professional boxing match during the Term, then Promoter shall have the right to terminate this Agreement. Promoter shall have the right to terminate this Agreement if: (a) Boxer fails to engage in any Bout hereunder; (b) Boxer engages in any activity or conduct which is illegal, which violates any applicable law or governmental, regulatory or sanctioning body rule or regulation, or which subjects Boxer or Promoter to public ridicule, scorn, contempt or embarrassment; (c) Boxer is in breach of any of his obligations to Promoter (e.g., Boxer violates Promoter's exclusive promotional rights by negotiating with or entering into an agreement with another promoter, by refusing to participate in a bout after signing a bout contract (other than due to injury or other valid reason), etc.); (d) Promoter, in its sole discretion, determines that it is no longer in Promoter's commercial best interest to continue to promote Boxer, or (e) any prior promotional agreement between Boxer and any third party is determined to be binding upon Boxer or any claim or proceeding alleging same is filed or commenced. In the event of that this Agreement is terminated pursuant to clauses (b), (c) or (e) in the immediately preceding sentence, then Boxer shall, upon Promoter's request, refund any advance or signing bonus paid prior to termination (if any).

9. First Negotiation and Last Refusal: Upon expiration or termination of the Term, the parties will negotiate exclusively in good faith for a period of at least thirty days regarding a new promotional agreement between Boxer and Promoter. In the event Promoter and Boxer fail to reach agreement within such twenty-day period, Promoter shall be entitled to a right of last refusal regarding any offer received by Boxer within one year after the expiration of the Term (i.e., Boxer shall not be entitled to enter into a new bout and/or promotional agreement with any third party without first giving Promoter a five-business day right to enter into an agreement with Boxer upon the same material terms as contained in the third party offer (a written copy of which shall be provided to Promoter by Boxer), provided that Promoter shall not be required to match any terms which cannot be met as easily by one party as by another, such as the engagement of a particular person or a bout against a particular opponent or for a particular title or titles). Boxer agrees that any bout and/or promotional agreement which Boxer purports to enter into without fully complying with this terms of this paragraph shall be automatically null and void, and in such event, Boxer agrees that without prejudice to any of Promoter's other legal rights and remedies against Boxer, Promoter shall be entitled to injunctive or other equitable relief to prevent or remedy Boxer's breach or non-compliance hereunder.

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-23 Filed 10/31/16 Page 5 of 9 Page ID #:4693

10. **Taxes:** Boxer shall be solely responsible for payment of all taxes relating to amounts payable to Boxer hereunder. Promoter shall deduct from any payment made to Boxer hereunder all amounts required by federal, state and/or local taxing authorities to be withheld by Promoter. In the event that any tax or other payment is imposed upon or charged to Promoter in connection with the amounts payable to Boxer hereunder, then Promoter shall be entitled to deduct such amount from the purse or any other monies payable to Boxer, or at Promoter's election and upon Promoter's request, Boxer shall immediately reimburse Promoter for any such tax or payment.

11. **Representations:** Boxer represents and warrants that Boxer is not subject to any agreements, obligations, options or other commitments which would conflict or interfere with Promoter's rights hereunder; and that there are no claims, disputes or litigation pending or threatened with respect to Boxer's promotional rights. Boxer represents and warrants that he has obtained, or will prior to engaging in the first bout hereunder, at his sole cost and expense, obtain the visa(s) and/or permit(s) necessary for him to fight in the United States. Boxer shall indemnify and hold harmless Promoter and Promoter's shareholders, officers, employees, representatives and affiliates from and against any and all claims, damages, judgments and expenses (including, without limitation, reasonable legal fees and expenses) as a result of any third party claim or cause of action arising out of arising out of (i) any breach (or with respect to third party claims, alleged breach) of this Agreement, or any representation or warranty contained herein, by Boxer or (ii) any act or omission by Boxer giving rise to a claim against Promoter. Without limiting Promoter's other remedies, in the event of any breach or alleged breach hereunder, Boxer shall, upon Promoter's request, refund any advance or bonus paid prior to termination (if any).

12. **Governing Law:** This Agreement will be governed and construed in accordance with the laws of the State of California applicable to agreements entered into and wholly performed therein. All parties hereto submit to the exclusive venue and jurisdiction of the state and federal courts sitting in Los Angeles County with respect to any dispute resulting from this Agreement. Nothing contained in this Agreement shall be construed so as to require the violation of any law or regulation, and wherever there is any conflict between any provision of this Agreement and any law or regulation, the applicable law or regulation shall prevail; provided, however, that in such event the provision so affected shall be curtailed only to the extent necessary to permit compliance with the minimum legal requirement, and no other provisions of this Agreement shall be affected thereby. Promoter shall have the right to assign, license or transfer any or all of the rights granted to or retained by it under this Agreement to, or to otherwise perform its services and obligations hereunder in conjunction with, any person, firm or corporation, including, without limitation, any promoter or co-promoter. Neither the benefits nor the duties of Boxer under this Agreement may be assigned or transferred for any reason.

13. **Confidentiality:** Boxer and Boxer's representatives and affiliates shall maintain strict confidentiality regarding Promoter and all of Promoter's contracts, agreements, business arrangements, plans, legal and business affairs, and professional relationships. Without limiting the generality of the foregoing, Boxer shall maintain strict confidentiality regarding the terms of this Agreement, and Boxer agrees that neither Boxer nor Boxer's representatives and affiliates shall use, disseminate, publish or disclose, or authorize or permit any third party to use, disseminate, publish or disclose, any information regarding the terms of this Agreement or any other agreement between Boxer and Promoter. This obligations set forth in this paragraph are of the essence of this Agreement, and any breach or violation hereof shall constitute a material breach of this Agreement.

HIGHLY CONFIDENTIAL

GBP003280

REDACTED VERSION OF DOCUMENT
FILED PARTIALLY UNDER SEAL PURSUANT TO
ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-23 Filed 10/31/16 Page 6 of 9 Page ID #:4694

14. <u>Formal Agreement</u>: Promoter and Boxer may enter into a more formal agreement incorporating the terms hereof and Promoter's customary standard terms and conditions, but until such more formal agreement is executed, this Agreement and such standard terms and conditions (which are incorporated herein by this reference) shall constitute the entire understanding of the parties hereto and shall constitute a legal and binding agreement between the parties. Boxer agrees that in no event shall Boxer be entitled to (nor shall Boxer seek or authorize any other person or entity to seek) injunctive or other equitable relief or to otherwise terminate or rescind this Agreement. Boxer's sole remedy shall be an action at law for actual damages. No waiver by Promoter of any breach or non-performance by Boxer hereunder shall be deemed to be a waiver of any preceding or succeeding breach or non-performance. No modification or amendment of this Agreement shall be valid unless made by a writing signed by the party to be charged. All parties have participated in the negotiation of this Agreement and, thus, it is understood and agreed that the general rule that ambiguities are to be construed against the drafter shall not apply to this Agreement. In the event that any language of this Agreement is found to be ambiguous, such ambiguity shall not be resolved by construing this Agreement in favor of or against any party, but rather construing the terms of this Agreement as a whole, according to their fair meaning, and each party shall have an opportunity to present evidence as to the actual intent of the parties with respect to any such ambiguous language.

By its signature below, each party confirms its understanding of and agreement to the foregoing.

**PROMOTER:**

GOLDEN BOY PROMOTIONS, INC.



By: _____
Name: E. Gomez
Title: V.P.
Date: 10-21-10

**BOXER:**



By countersigning this Agreement, undersigned party grants his approval of the Agreement, confirms all representations, warranties and agreements made by Boxer pursuant to the Agreement and agrees to cause Boxer to fully perform and comply with all terms, conditions and obligations set forth in the Agreement. Each of the undersigned parties agrees to comply, and agrees to cause Boxer to comply, with all rules and regulations of the applicable sanctioning body or bodies and all applicable governmental, legal or regulatory authorities.

September 22, 2010

6

HIGHLY CONFIDENTIAL

GBP003281

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-23 Filed 10/31/16 Page 7 of 9 Page ID #:4695

STATE OF CALIFORNIA—STATE AND CONSUMER SERVICES AGENCY　　　　　　　　　　　　　　ARNOLD SCHWARZENEGGER, Governor



California State Athletic Commission
1424 Howe Ave. Ste. #33
Sacramento, CA 95825
www.dca.ca.gov/csac/
(916) 263-2195  FAX (916) 263-2197



## ADDENDUM TO PROMOTIONAL CONTRACT[1]

**READ ENTIRE ADDENDUM BEFORE SIGNING**

Boxer understands that he/she is not obligated to sign a promotional contract with a promoter.

Pursuant to Business and Professions Code Sections 18848 and 18849, promotional contracts or other such agreements between promoters and athletes are prohibited unless approved by the commission in writing. Commission approval shall be obtained only by causing this addendum to be attached to any such promotional agreement to be signed by all parties in the presence of a commission representative, and to be reviewed and approved by a commission representative and then filed with the commission. Any and all inconsistencies or ambiguities between the promotional agreement and this addendum which is attached to it and made a part of it shall be resolved in favor of this addendum, the Boxing Act, and the commission's rules.

[REDACTED]

In consideration of mutual promises contained herein, the above parties agree to and with each other and with the State Athletic Commission (hereinafter "commission"), in order to induce its acceptance hereof as follows:

**NOTHWITHSTANDING THE PROVISIONS OF ANY OTHER CONTRACT:**

**A. BOXER AGREES:**

1. A promotional contract is not valid or enforceable until it is submitted to, approved by, and filed with the commission with this addendum attached. The commission may, in its discretion, refuse to approve a promotional contract that exceeds five years. Boxer understands that he/she may negotiate the terms of the promotional contract with a promoter before signing it.

2. Subject to the approval of the promotional contract by the commission, the boxer will render services from [REDACTED] solely and exclusively for promoter in such boxing contest, exhibition, or training exercises as promoter shall from time to time direct, whether in California or elsewhere.

3. To be ready, willing, able, and available to accept and perform reasonable requests for such services.

**B. PROMOTER AGREES:**

1. If the promoter is promoting, co-promoting, or has any interest in a promotion involving the boxer, the promoter shall not participate in the boxer's compensation or purse from the promotion. If the promoter is not participating in the promotion but is booking the boxer with another promoter, no part of any booking fee the promoter may receive, shall come from the boxer or the boxer's purse. If the boxer has a manager, the manager shall not participate or share in the booking fee.

2. To guarantee boxer that the boxer's share of money earned pursuant to the promotional contract shall not be less than _SEE CONTRACT_ per year during its term or promoter shall pay boxer the difference between the amount actually earned and _SEE CONTRACT_.

---

[1] If this constitutes the entire contract between parities, then word "addendum" as used in this document shall mean "contract."

HIGHLY CONFIDENTIAL　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　GBP003282

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-23 Filed 10/31/16 Page 8 of 9 Page ID #:4696

3. To use the promoter's best efforts to secure remunerative boxing contests and at all times to act in the best interest of the boxer.

4. Promoter shall not make a contract for a boxing contest where promoter has a direct or indirect financial or contractual interest in boxer's opponent or enter into an option contract with the boxer's opponent without the prior written approval of the commission.

5. To render a full, true, accurate, and itemized accounting to the commission if the commission so requests. Said accounting shall include, with respect to each contest, exhibition or match: (a) the amount of money received by promoter pertaining to the contest, exhibition, or match; (b) the amount of money actually paid to boxer; (c) the amount of money owed to promoter by boxer, provided, however, that no sum of money shall be claimed under this subsection which cannot be substantiated by a receipt signed by the boxer; and, (d) training expenses.

**C. BOXER AND PROMOTER FURTHER AGREE:**

1. That all contests or exhibitions of boxing which are conducted during the term of the promotional contract in the State of California shall in all respects be held in conformity with the laws of the State of California and the rules and regulations now or hereafter adopted, amended, or repealed by the commission. Said laws and rules are incorporated herein and made a part hereof by reference.

2. All controversies concerning the validity and/or enforceability of the promotional contract and this addendum shall be submitted for arbitration in the following manner:

Within two (2) weeks after the origin of such dispute or controversy, either or both parties hereto may notify the commission of the existence of such dispute and of a desire and willingness to refer such dispute to arbitration, whereupon the commission shall by itself, or through another duly appointed by it, conduct a hearing at a time and place reasonably convenient to all interested parties and witnesses; notification of the time and place of such be given to all interested persons at their last known place of address. The parties hereto agree in the event of submission of any such controversy to arbitration that the decision of such arbitrator shall be final and binding upon the parties hereto and each of them agrees to be bound thereby.

3. The arbitrator may terminate the promotional contract if promoter fails to obtain a good faith offer of a boxing match, exhibition or contest for at least four (4) consecutive months, during which time boxer shall have been ready, willing, able, and available to accept and perform such services.

4. Promoter and boxer both certify and promise to each other and to the commission, to induce its approval hereof, that no other person or party (other than by the commission) in any way or in any degree shares or participates in the ring earnings of the boxer, that the boxer and promoter have no other agreements with boxer's career, and that no oral or written agreements exist concerning such sharing or participation. If any such agreements exist, they shall be unenforceable unless disclosed to and approved by the commission.

5. Promoter and boxer both certify and promise to each other and the commission to induce its approval of the promotional contract, that no oral or other written agreement exists between them other than the promotional contract and this addendum, that the boxer has no other agreement with any other person (other than the boxer's manager pursuant to a Boxer-Manager contract or an option contract filed with and approved by the commission) concerning his or her boxing activities, and that no change in or addition to the promotional contract or this addendum is valid or will be enforced unless it is made in writing, approved by, and filed with the commission or a commission representative.

6. <u>No promotional contract is valid until and unless both parties appear at the same time before the commission or a representative and the contract has been approved by the Executive Officer.</u> This addendum must be attached to and made a part of said contract.

7. The promotional contract may be terminated by the promoter and the boxer executing a release of Promotional Contract form provided by the Commission. The promotional contract may not be terminated until such a Release of Promotional Contract is executed by the promoter and boxer and is submitted to, approved by, and filed with the commission.

8. No part of the promotional contract or this addendum is assignable without the agreement of the promoter, the boxer, and the commission.

The parties have read and signed this addendum and the promotional contract to which it is attached in each other's presence and in the presence of the commission representative who has orally reviewed the terms of this contract with the boxer on this ___21___ day of __Oct__, 20_00_.

HIGHLY CONFIDENTIAL

GBP003283

If the parties have any other agreements concerning the boxer's compensation or career other ▮▮▮▮ be enforced by the commission.

_____
Promoter

_____
Manager

_____
Co-Manager (if any)

10-21-10
Date

I hereby acknowledge that the provisions of the promotional contract and this addendum have been reviewed with me by a commission representative.



December 2007-30

3

HIGHLY CONFIDENTIAL

GBP003284