REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03278-JFW-MRW   Document 159-24   Filed 10/31/16   Page 1 of 14   Page ID #:4698



## TERM SHEET

The following sets forth the material terms of the agreement ("Agreement"), dated as of September 17, 2014 between Golden Boy Promotions, LLC. ("Promoter") and ███████ ("Boxer") regarding the grant of Boxer's exclusive promotional rights to Promoter.

1. <u>Term/Bouts:</u>    Commencing upon the date of Boxer's first Bout hereunder (as defined herein) and continuing until Boxer has participated in five (5) Bouts (as defined herein) hereunder or thirty (30) months (whichever occurs first), subject to any applicable early termination or extensions, as set forth herein (the "Term").

2. <u>Rights:</u>    Boxer hereby grants to Promoter the sole and exclusive right to promote all professional boxing matches in which Boxer participates during the Term (the "Bouts" and each, a "Bout"). Boxer agrees that during the Term: (a) Boxer shall not engage in any boxing match other than Bouts promoted by Promoter under this Agreement; and (b) neither Boxer nor anyone acting on Boxer's behalf shall negotiate for nor contract for Boxer to engage in any boxing match other than Bouts promoted by Promoter under this Agreement. Boxer has advised Promoter that he is a party to an Advisory Agreement through which Boxer has granted to an "Advisor" certain rights with respect to providing advice and counsel to Boxer in relation to Boxer's professional boxing endeavors. Boxer hereby grants to Promoter the authority to consult directly with Advisors with regards to Bouts, which shall be promoted hereunder. The parties agree, however, that nothing contained herein shall grant to Advisor nor any other party (other than Promoter) the right to promote, negotiate for nor contract for Boxer to engage in any boxing match involving Boxer during the Term. Boxer understands and agrees that his and/or his managers, advisors, consultants or representatives' cooperation, professionalism, reputation, compliance and relationship with Promoter and all related persons and entities, including but not limited to, State Athletic Commissions is essential to the successful promotion of Boxer's career. Therefore, Boxer understands and agrees to disclose any and all of his managers, advisors, consultants and/or representatives performing services related to Boxer's professional boxing matches to Promoter as of the date of the signing of the Promotion Agreement. Further, Boxer understands and agrees he will not retain, hire, consult with, include, or involve any person or entity as a manager, advisor, consultant or any type of representative performing services related to Boxer's professional boxing matches performing services related to Boxer's professional boxing matches, not previously disclosed to Promoter as of the date of the signing of the Promotional Agreement, without first obtaining the express

DEFTS' EXHIBIT 24
WITNESS: GOMEZ
DATE: 09/22/16
PAGE: 1 of 14
M. DICHIRICO, CSR 13779

HIGHLY CONFIDENTIAL                                    GBP007761

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03278-JFW-MRW Document 159-24 Filed 10/31/16 Page 2 of 14 Page ID #:4699

written consent and approval of Promoter of such person or entity. Boxer understands and agrees that this paragraph is a material provision of the Promotional Agreement and that Promoter has materially relied upon Boxer's representations and disclosure of his present managers, advisors, consultants and representatives in agreeing to offer Boxer the Promotional Agreement. Boxer's failure to disclose any and all managers, advisors, consultants and/or representatives as of the date of signing the Promotional Agreement, or Boxer's failure to first obtain Promoter's express written consent and approval of a person or entity not previously disclosed, before Boxer retains, engages, consults with or involves any person or entity as his manager, advisor, consultant or representative constitutes a material breach of the Promotional Agreement. Boxer and Promoter agree that in the event Boxer violates this provision he shall be liable to Promoter in the amount ▮▮▮▮▮▮▮▮▮▮ which shall be considered liquidated damages payable as compensation to Promoter. This provision does not apply to Boxer's attorneys or accountants.

3. <u>Bouts/Purses</u>:  (a) Promoter shall use commercially reasonable best efforts to arrange Bouts for Boxer as determined in Promoter good faith discretion, in accordance with the terms set forth herein. Promoter shall offer Boxer the right to participate in five (5) Bouts during the Term in accordance with the terms set forth below. Promoter shall use its best efforts to schedule each Bout within six (6) months following the immediately preceding Bout.

(b) Boxer's purse for each Bout promoted hereunder shall be as set forth below:



In the event that Boxer is not declared the winner of the first Bout promoted hereunder, Boxer's purses for the remaining Bouts promoted hereunder will be negotiated reasonably and in good faith in accordance with boxing industry custom and practice for boxers of Boxer's stature, taking into account then-current market conditions, the opponent, the event budget and other similar factors, provided that no delay or failure to agree

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03278-JFW-MRW Document 159-24 Filed 10/31/16 Page 3 of 14 Page ID #:4700

on purses shall affect the validity, enforceability or effectiveness of this Agreement and in no event shall Boxer's purse for any Bout hereunder in which Boxer participates be s

As used herein, a "year" is defined as each successive consecutive twelve- month period commencing upon the date of Boxer's first Bout hereunder.

As used herein a Major World Title shall be a bout in which the title of the IBF, WBA, WBC and/or WBO are contested (excluding interim titles).

c) Promoter shall be deemed to have satisfied its obligation to offer Boxer the right for Boxer to participate in a Bout if Promoter offers Boxer an opportunity to participate in a Bout for the purses set forth in 4 (a) above against a Boxer at Boxer's weight classification as of the date of the execution hereof.

4. Bout Arrangements: (a) Boxer's opponent for each Bout will be selected by Promoter, subject to Boxer's approval (which approval shall not be unreasonably withheld). Boxer shall not withhold his approval for any opponent proposed by Promoter provided that (i) such opponent is at or below Boxer's weight class as of the time of the execution hereof, and (ii) is rated within the top ten (10) of any major sanctioning organization (the IBF, WBA, WBC and/or WBO) or Ring Magazine. In the event that Boxer rejects two (2) or more opponents proposed by Promoter for any Bout, then Promoter may terminate this Agreement or extend this Agreement by an additional two (2) months for each opponent rejected by Boxer. By way of example if Boxer rejects two opponents and promoter decides not to terminate this Agreement, Promoter may extend by an additional four (4) months.



Page 3                                                                                   9/16/14

HIGHLY CONFIDENTIAL                                                   GBP007763

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03278-JFW-MRW Document 159-24 Filed 10/31/16 Page 4 of 14 Page ID #:4701



(c) For each Bout promoted by Promoter hereunder, Promoter shall provide Boxer with the following (for use by Boxer and his cornermen): (i) five (5) round-trip coach domestic airfares (on an if available, if used basis) from the major airport nearest Boxer's training camp to the major airport nearest to the city of the Bout; (ii) five (5) standard hotel rooms and per diems or meal coupons for five (5) persons for such period of time prior to the Bout as determined by Promoter in good faith and (iii) ten (10) complimentary tickets of admission to each Bout promoted by Promoter hereunder (four (4) in the highest priced section of the venue and six (6) in the second highest priced section of the venue[1].

(d) For each Bout promoted by Promoter hereunder, Boxer shall execute and comply with the terms of Promoter's customary Bout agreement and/or the Bout contract required by the applicable athletic or boxing commission ("Commission") and shall cooperate as required by Promoter to comply with any applicable law or regulation including, but not limited to making the contracted weight for all Bouts promoted hereunder. Unless agreed to by the parties in writing, all Bout agreements for each bout (with the exception of purse bid Bouts (as defined below) whether promoted by Promoter or another promoter) shall comply with the terms of this Agreement. In the event that the terms of a bout agreement vary form the terms of this Agreement then the terms of this Agreement shall control. Boxer agrees to comply with all rules and regulations of the applicable sanctioning body or bodies and all applicable governmental, legal or regulatory authorities including, but not limited to, attaining the proper weight at the appropriate time for each Bout. Boxer hereby authorizes and directs Promoter and Promoter shall remit Boxer Purse payment for all Bouts promoted hereunder to Gabriel Rosado Boxing, Inc. rather than Boxer.

(e) For each Bout promoted hereunder, Boxer shall cooperate fully to ensure that all medical examinations and other testing of Boxer are undertaken prior to the Bouts and likewise address all related matters in preparation for the Event to ensure full compliance with the applicable Commission regulations. Boxer will submit to medical examinations as may be required by Promoter's (or its designee's) insurance carrier or the Commission. In addition to any other document that Boxer is required to execute in accordance herewith,



HIGHLY CONFIDENTIAL

GBP007764

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-24 Filed 10/31/16 Page 5 of 14 Page ID #:4702

Boxer specifically agrees to completely, accurately and truthfully execute the medical examination questionnaire (or similar document) required by Promoter's insurance carrier within three (3) days of Promoter's request for Boxer to execute such questionnaire. Promoter agrees to pay the cost of such medical examinations required for insurance purposes.

(f) Boxer agrees to submit to anti-doping testing (in accordance with the standards of the Commission). In addition to such Commission required testing, Boxer shall submit to and fully comply with any and all additional drug testing protocols and procedures instituted by Promoter in connection with the Bouts hereunder, including Olympic-style drug testing including, but not limited to, multiple, random urine and blood tests at any time prior to any Bout hereunder, and urine and blood tests immediately following any Bout hereunder for all substances and processes banned by the entity designated by Promoter to conduct the testing, the Commission and/or sanctioning body if applicable ("Banned Substances") conducted by an accredited entity designated by Promoter in its sole discretion, provided that Promoter shall ensure that it is a condition of Boxer's opponents' bout agreements that the opponents shall submit to and comply with such additional drug testing protocols and procedures and that identical drug testing protocols and procedures shall apply to the opponents. Boxer hereby authorizes Promoter and whichever testing agency designated by Promoter to conduct anti-doping testing, to report all results of such testing to Promoter and Boxer's opponents' representatives immediately after the agency receives the results of such tests. In the event that Boxer tests positive for any Banned Substance (following the testing of an A sample and a B sample of the specimen in question), Boxer further authorizes the agency designated by Promoter to deliver the anti-doping testing report such result to Commission and Fight Fax, Inc. Boxer agrees to execute any documents that are necessary in order to grant such authorizations. Promoter agrees to ensure that Boxer's opponents for each Bout promoted hereunder shall agree to and be bound by the same terms as set forth above for Boxer, including, but not limited to provisions in all opponents' bout agreements that in the event that any opponent tests positive for any Banned Substance (following the testing of their A and B samples of the specimens in question) the opponents shall authorize whatever testing agencies designated to report such results to Boxer.

(g) Notwithstanding anything to the contrary contained herein, if any Bout promoted hereunder is subject to a purse bid ("Purse Bid Bout"), Promoter may submit a bid for such Bout. If Promoter wins the applicable purse bid, then: (i) the terms applicable to the Purse Bid Bout shall be as determined by the purse bid, in lieu of the terms

HIGHLY CONFIDENTIAL                                    GBP007765

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-24 Filed 10/31/16 Page 6 of 14 Page ID #:4703

set forth in this Agreement; (ii) Boxer agrees that Boxer's purse for such Purse Bid Bout shall be ▮▮▮▮▮▮▮▮▮▮ the amount which he would otherwise be entitled to receive pursuant to the rules and regulations of the applicable sanctioning organization (and Boxer acknowledges that he has granted Promoter ▮▮▮▮ in the amount of the purse which he would otherwise be entitled to receive because Boxer understands and agrees that it is in his interest for Promoter to win the rights to all Purse Bid Bouts). If Promoter submits a bid but does not win, then: (i) Promoter' rights hereunder shall continue in full force and shall not be affected in any way; (ii) Promoter shall be entitled to receive, and Boxer shall direct the applicable Promoter of the Purse Bid Bout to pay directly to Promoter, ▮▮▮▮▮▮▮▮▮▮, which payment shall be delivered to Promoter within three business days after the applicable bout; and (iii) Boxer's obligations hereunder shall continue immediately following the Purse Bid Bout, provided that the Term shall be extended for the amount of time Boxer is unavailable as a result of Boxer's participation in the Purse Bid Bout.

(h) Promoter shall be the exclusive owner of all rights in and to the Bouts, in all media throughout the world in perpetuity, and Boxer's grant of rights hereunder includes, without limitation, all rights required to arrange, stage and sell tickets of admission to the Bouts; all exclusive worldwide rights to broadcast, telecast, record, film and transmit electronically such Bouts for exhibition in all media; all merchandising and other ancillary and subsidiary rights therein; the unrestricted worldwide right to use, reproduce and display Boxer Marks in connection with the advertising, promotion and exploitation of all such Bouts and any related activities (and all rights therein and/or footage thereof) and Promoter' business and activities as determined by Promoter in Promoter' sole discretion. For the avoidance of doubt, Promoter shall not have the right, nor shall Promoter cause or permit any third party, to use any Boxer Marks for any purpose not related to the Bouts, including, without limitation, for any advertising, sponsorship or endorsement purposes not related to the Bouts promoted hereunder. The term "Boxer Marks" shall mean any of Boxer's name, image, likeness, depiction, signature, biographical materials, any other visual or aural representations of identity, all rights of privacy and publicity, and all indicia of identity.

5. Publicity/ Sponsorship:   Boxer agrees to cooperate and assist in publicizing, advertising and promoting each Bout hereunder and to appear at and participate in a reasonable number of press conferences, interviews and other publicity appearances and activities at times and places designated by Promoter provided that such activities do not unreasonably interfere

HIGHLY CONFIDENTIAL                                                              GBP007766

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03278-JFW-MRW Document 159-24 Filed 10/31/16 Page 7 of 14 Page ID #:4704

with Boxer's training schedule. Except for the names of athletic equipment manufacturers appearing on Boxer's equipment in a reasonable size, location and placement, Boxer agrees that no advertising or promotional material shall appear on Boxer's body or on any item of clothing worn by Boxer, his trainers, seconds or assistants during and/or at any Bout or any related event without the prior written approval of Promoter (which approval shall not be unreasonably withheld). In any event, no advertising or promotional material appearing on Boxer's body or on any item of clothing worn by Boxer, his trainers, seconds or assistants during and/or at any Bout or any related event shall conflict with any sponsor of the Event or the site; shall display the name, logo or identification of any hotel, casino or gaming, wagering, betting or line service, or any other entity involved with gaming, wagering or betting lines; display the name, logo or identification of any soft drink or other beverage manufacturer or distributor; be in the form of a body or other temporary tattoo or artwork; or be lewd, obscene or otherwise inappropriate (as determined by Promoter and/or the applicable television network in its absolute discretion) for display to the intended live and/or television audience(s).

6. Cancellation/ Postponement: In the event that: (a) Boxer fails or is unable to perform any obligation hereunder due to any illness, injury or disability or due to an order of an athletic commission or other legal or regulatory entity or as a result of Boxer's breach or non-performance hereunder or failure to approve opponents or agree on applicable purses; or (b) any Bout scheduled under this Agreement is postponed, or Promoter's performance hereunder is prevented or material impeded, as a result of any reason provided in the immediately preceding clause (a) or in the applicable Bout Agreement, or due to an event of force majeure, disaster, labor action, power outage or other reason beyond Promoter's reasonable control, then the Term shall be automatically extended for the period of the applicable event causing the postponement or other delay and in no event shall the Term be extended for a period of more than thirty six (36) months.

7. Extension/ Early Termination: In the event that during the Term: (a) Boxer becomes a party to any agreement with a media network or outlet; or (b) any such agreement with a media network or outlet to which Boxer is a party is extended, then the Term of this Agreement shall be extended so that it is coterminous with the complete period of the term of any such agreement. Notwithstanding anything to the contrary contained herein, in no event shall the term of this Agreement extend beyond the maximum term permitted by any applicable law or regulation. In the event that Boxer is not declared the winner of any professional boxing match during the Term, then: (a) Promoter shall

HIGHLY CONFIDENTIAL                                                                 GBP007767

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW  Document 159-24  Filed 10/31/16  Page 8 of 14  Page ID #:4705

have no further obligation to pay the amounts described in Paragraph 3(a) and (b) above; and (b) Promoter shall have the right to renegotiate the guaranteed minimum purses hereunder, which purses shall be mutually agreed pursuant to reasonable, good faith negotiations in accordance with boxing industry custom and practice for boxers of Boxer's stature, taking into account the event budget, the opponent and other similar factors, and provided further that in no event shall Boxer's purse for any Bout in which Boxer participates ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. No delay or failure to agree on purses shall affect the validity, enforceability or effectiveness of this Agreement. In addition, in the event that Boxer is not declared the winner of any professional boxing match during the Term, then Promoter shall have the right to terminate this Agreement. No action taken by Promoter following a Bout in which Boxer is not declared the winner shall be considered a waiver of any rights of Promoter hereunder. Promoter shall have the right to terminate this Agreement if: (a) Boxer fails to engage in any Bout hereunder (other than as the result of any verified injury, illness or disability suffered as a result of Boxer's participation in or training for a Bout, or any other illness or injury not resulting from the Boxer's engaging in any sporting event or exhibition or in any hazardous activity other than normal recreational activities; (b) Boxer engages in any activity or conduct which is illegal, which violates any applicable law or governmental, regulatory or sanctioning body rule or regulation, or which subjects Boxer or Promoter to public ridicule, scorn, contempt or embarrassment, including but not limited to the use of Performance Enhancing Drugs (i.e.: steroids); (c) Boxer is in breach of any of his obligations to Promoter (e.g., Boxer violates Promoter's exclusive promotional rights by negotiating with or entering into an agreement with another Promoter, by refusing to participate in a bout after signing a bout contract (other than due to injury or other valid reason), etc.); or (d) except as otherwise set forth herein, any prior promotional agreement between Boxer and any third party is determined to be binding upon Boxer or any claim or proceeding alleging same is filed or commenced. In the event that this Agreement is terminated pursuant to clauses (b), (c) or (d) in the immediately preceding sentence, then Boxer shall, upon Promoter's request, refund any advance paid prior to termination (if any).

8. First Negotiation and Last Refusal: Upon expiration or termination of the Term, the parties will negotiate exclusively in good faith for a period of at least thirty (30) days regarding a new promotional agreement between Boxer and Promoter. In the event Promoter and Boxer fail to reach agreement within such thirty (30) day period, Promoter shall be entitled to a right of last refusal regarding any offer received by Boxer within one (1) year after the expiration of the Term (i.e., Boxer shall not be entitled to enter into a new bout and/or promotional agreement with any third party without first giving Promoter

HIGHLY CONFIDENTIAL                                                              GBP007768

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-24 Filed 10/31/16 Page 9 of 14 Page ID #:4706

a five-business day right to enter into an agreement with Boxer upon the same material terms as contained in the third party offer (a written copy of which shall be provided to Promoter by Boxer), provided that Promoter shall not be required to match any terms which cannot be met as easily by one party as by another, such as the engagement of a particular person or a bout against a particular opponent or for a particular title or titles). Boxer agrees that any bout and/or promotional agreement which Boxer purports to enter into without fully complying with this terms of this paragraph shall be automatically null and void, and in such event, Boxer agrees that without prejudice to any of Promoter's other legal rights and remedies against Boxer, Promoter shall be entitled to injunctive or other equitable relief to prevent or remedy Boxer's breach or non-compliance hereunder.

9. <u>Taxes</u>: Boxer shall be solely responsible for payment of all taxes relating to amounts payable to Boxer hereunder. Promoter shall deduct from any payment made to Boxer hereunder all amounts required by federal, state and/or local taxing authorities to be withheld by Promoter. In the event that any tax or other payment is imposed upon or charged to Promoter in connection with the amounts payable to Boxer hereunder, then Promoter shall be entitled to deduct such amount from the purse or any other monies payable to Boxer, or at Promoter' election and upon Promoter' request, Boxer shall immediately reimburse Promoter for any such tax or payment.

10. <u>Representations</u>: (a) Except as otherwise set forth herein, Boxer represents and warrants that Boxer is not subject to any agreements, obligations, options or other commitments which would conflict or interfere with Promoter' rights hereunder; and that there are no claims, disputes or litigation pending or threatened with respect to Boxer's promotional rights. Boxer represents and warrants that he has obtained, or will prior to engaging in the first Bout hereunder, at his sole cost and expense, all clearances from any person or entity who may claim to have rights which would conflict or interfere with Promoter's rights hereunder.

(b) Boxer represents and warrants that he has obtained, or will prior to engaging in the first Bout hereunder, at his sole cost and expense, obtain the visa(s) and/or permit(s) necessary for him to fight in the United States.

(c) Boxer has and will fully and truthfully answer all questions in Promoter's insurance carriers' application forms as required. Boxer represents that he does not have any mental or physical condition, sickness, disease or injury and is not taking any medication which may impair his ability to prepare for and/or give an honest exhibition of his skill in any Bout hereunder. Boxer further represents and warrants that he has not and will not during the Term (i) use any

HIGHLY CONFIDENTIAL     GBP007769

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-24 Filed 10/31/16 Page 10 of 14 Page ID #:4707



illegal substances or performance enhancing drugs (e.g., steroids), has not attended a rehabilitation center or similar establishment for treatment for drug and/or alcohol dependency or drug and/or alcohol abuse at any time within the last eighteen (18) months.

(d) Boxer agrees to promptly submit to such reasonable medical examinations and provide such information (including full disclosure of all past or present injuries, medical conditions or surgical procedures) as Promoter may request in order to establish Boxer's physical ability to participate in Bouts hereunder. All of Promoter' obligations hereunder are conditioned upon Promoter' review and approval, in its sole discretion, of the results of Boxer's medical exams and disclosures.

(e) Boxer agrees to indemnify, defend and hold harmless Promoter and its officers, directors, employees, representatives, affiliates, assigns and licensees from and against any and all claims, liabilities, judgments, expenses or damages (including reasonable attorneys' fees) arising out of (i) any breach (or with respect to third party claims, alleged breach) of this Agreement, or any representation or warranty contained herein, by Boxer or (ii) any act or omission by Boxer giving rise to a claim against Promoter or any other party.

(f) Boxer agrees that in the event that the Event or Bout promoted hereunder is cancelled or postponed because of Boxer's use, injection, ingestion, application and/or implantation of a Banned Substance (including, but not limited to as a result of a positive test for a Banned Substance), Boxer agrees to reimburse Promoter for any and all costs and expenses incurred by Promoter as a result of such cancellation or postponement. Those costs and expenses include, but are not limited to, the costs of production, marketing, public relations, media events, and the travel costs of all parties involved in the event. Boxer shall remit payment to Promoter for such costs within three (3) days of Promoter's request for same. In the event that Boxer does not remit payment to Promoter within three (3) days of Promoter's request, then Boxer hereby authorizes Promoter to deduct such fees, costs and expenses from Boxer's purse for future bouts whether promoted by Promoter or not. Notwithstanding the foregoing, Promoter agrees that Promoter shall not be entitled to any indemnification under this Section unless and until Boxer has been given a reasonable opportunity to review any evidence relating to any assertion of Boxer's use, injection, ingestion, application and/or implantation of a Banned Substance (including, but not limited to as a result of a positive test for a Banned Substance) and to fully exercise any rights to appeal any such assertion, if any, within the sixty (60)

HIGHLY CONFIDENTIAL　　　　GBP007770

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-24 Filed 10/31/16 Page 11 of 14 Page ID #:4708



day period following notice to Boxer of the cancellation or postponement of any Bout pursuant to this Section.

(g) Additionally, Boxer agrees that in the event that any Bout promoted hereunder is cancelled or postponed because Boxer is unavailable because he is arrested or convicted of any criminal act or because Boxer violates a rule of an applicable Commission or sanctioning organization or because of some act or omission by Boxer (other than for a physical injury suffered after the execution of this agreement), Boxer agrees to reimburse Promoter for any and all costs and expenses incurred by Promoter as a result of such cancellation or postponement.

(h) Notwithstanding anything in this Agreement to the contrary, in no event shall Boxer have any liability to Promoter under this Section 11 in excess of the amounts previously paid under the terms of Section 3.

11. Governing Law:

(a) This Agreement will be governed and construed in accordance with the laws of the State of Nevada applicable to agreements entered into and wholly performed therein. Any dispute, controversy or claim arising out of or relating to this Agreement, including the formation, interpretation, breach or termination thereof, including whether the claims asserted are arbitrable, will be referred to and finally determined by arbitration in accordance with the JAMS Commercial Arbitration Rules before a single arbitrator who shall be selected by the parties to the arbitration and who shall be a retired judge or justice. If the parties are unable to select an arbitrator, the arbitrator will be selected in accordance with the JAMS Rules. The place of arbitration will be Las Vegas, Nevada. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The prevailing Party in arbitration shall be entitled to its reasonable costs, including the costs of arbitration, and attorneys' fees.

(b) Boxer acknowledges and agrees that his services in connection with the Bouts are of a special, unique, unusual and extraordinary character giving them peculiar value, the loss of which cannot be reasonably or adequately compensated by damages in an action at law and could cause Promoter irreparable damage and injury. Accordingly, Boxer agrees that Promoter shall be entitled to injunctive and other equitable relief, without the necessity for posting a bond, to prevent any breach or default by Boxer hereunder, which relief shall be in addition to and without prejudice to any other rights or remedies Promoter may have in such event. In the event of any breach or claimed breach hereof by Promoter, Boxer shall provide Promoter with notice of such claimed breach and an

HIGHLY CONFIDENTIAL  GBP007771

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW   Document 159-24   Filed 10/31/16   Page 12 of 14   Page ID #:4709

opportunity to cure the claimed breach Boxer shall provide such notice as soon as Boxer is aware of the claim. Promoter shall have thirty (30) days from notice to cure the claimed breach, unless the breach relates to an event scheduled for a date certain that is less than thirty (30) days from the date of notice, in which event Promoter shall have a reasonable time to cure, which, in any event, shall be not less than ten (10) business days. Provided Promoter has commenced a cure of the claimed breach within the applicable period set forth above, Promoter shall be allowed a reasonable time to complete the cure. Boxer's remedy in the event of an uncured breach by Promoter shall be limited to Boxer's actual, provable monetary damages proximately caused by Promoter's breach and in no event (i) shall Promoter be liable to Boxer for special or consequential damages, lost profits or punitive or exemplary damages; or (ii) shall Boxer be entitled to (nor shall Boxer seek or authorize any other person or entity to seek) injunctive or other equitable relief (other than declaratory relief) or to otherwise terminate or rescind this Agreement. Any action by Boxer hereunder shall be commenced, if at all, within one year of the claimed breach and Boxer hereby waives any otherwise applicable statutes of limitations that would provide any greater amount of time within which to bring an action. Neither Promoter nor Boxer shall bring any action hereunder without first engaging in a good faith attempt to resolve the issues that are proposed to be the subject of the action and the parties hereby agree to cooperate with each other in such efforts to achieve a good faith resolution of the dispute.

(c) Nothing contained in this Agreement shall be construed so as to require the violation of any law or regulation, and wherever there is any conflict between any provision of this Agreement and any law or regulation, the applicable law or regulation shall prevail; provided, however, that in such event the provision so affected shall be curtailed only to the extent necessary to permit compliance with the minimum legal requirement, and no other provisions of this Agreement shall be affected thereby. Promoter shall have the right to assign, license or transfer any or all of the rights granted to or retained by it under this Agreement to, or to otherwise perform its services and obligations hereunder in conjunction with, any person, firm or corporation, including, without limitation, any promoter or co-promoter. Neither the benefits nor the duties of Boxer under this Agreement may be assigned or transferred for any reason.

12. Confidentiality: Boxer and Boxer's representatives and affiliates shall maintain strict confidentiality regarding Promoter and all of Promoter' contracts, agreements, business arrangements, plans, legal and business affairs, and professional relationships. Without limiting the generality of the

HIGHLY CONFIDENTIAL                                                    GBP007772

REDACTED VERSION OF DOCUMENT FILED PARTIALLY UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-24 Filed 10/31/16 Page 13 of 14 Page ID #:4710

foregoing, Boxer shall maintain strict confidentiality regarding the terms of this Agreement, and Boxer agrees that neither Boxer nor Boxer's representatives and/or affiliates shall use, disseminate, publish or disclose, or authorize or permit any third party to use, disseminate, publish or disclose, any information regarding the terms of this Agreement or any other agreement between Boxer and Promoter. The obligations set forth in this paragraph are of the essence of this Agreement and shall survive the termination of this Agreement, and any breach or violation hereof shall constitute a material breach of this Agreement.

13. Formal Agreement: Promoter, and Boxer may enter into a more formal agreement incorporating the terms hereof a, but until such more formal agreement is executed, this Agreement shall constitute the entire understanding of the parties hereto and shall constitute a legal and binding agreement between the parties. Boxer agrees that in no event shall Boxer be entitled to (nor shall Boxer seek or authorize any other person or entity to seek) injunctive or other equitable relief or to otherwise terminate or rescind this Agreement. No waiver by Promoter of any breach or non-performance by Boxer hereunder shall be deemed to be a waiver of any preceding or succeeding breach or non-performance. No modification or amendment of this Agreement shall be valid unless made by a writing signed by the party to be charged. The parties acknowledge and agree that they are currently parties to a valid and enforceable Term Sheet dated, September 13, 2013, which among other things, provided to Promoter the right to promote four (4) bouts in which Boxer was to participate after its execution. The parties further acknowledge and agree that as of the date hereof all parties have satisfied those obligations for which they were responsible and that there have been no breaches of such agreement. The parties further agree that upon the execution hereof such Term Sheet and the parties obligations thereunder shall be deemed terminated and the parties conduct from that point forward shall be controlled by the terms hereof. All parties have participated in the negotiation of this Agreement and, thus, it is understood and agreed that the general rule that ambiguities are to be construed against the drafter shall not apply to this Agreement. In the event that any language of this Agreement is found to be ambiguous, such ambiguity shall not be resolved by construing this Agreement in favor of or against any party, but rather construing the terms of this Agreement as a whole, according to their fair meaning, and each party shall have an opportunity to present evidence as to the actual intent of the parties with respect to any such ambiguous language.

**BOXER ACKNOWLEDGES THAT PROMOTER HAS RECOMMENDED THAT BOXER OBTAIN THE ADVICE OF HIS OWN, INDEPENDENT COUNSEL BEFORE ENTERING**

REDACTED VERSION OF DOCUMENT
FILED PARTIALLY UNDER SEAL PURSUANT TO
ORDER OF THE COURT DATED OCTOBER 28, 2016 (DKT. NO. 141)

Case 2:15-cv-03378-JFW-MRW Document 159-24 Filed 10/31/16 Page 14 of 14 Page ID #:4711

INTO THIS AGREEMENT, AND THAT HE HAS HAD THE OPPORTUNITY TO DO SO.

BOXER FURTHER UNDERSTANDS AND ACKNOWLEDGES THAT HE IS UNDER NO OBLIGATION TO ACCEPT ANY OF THE TERMS OF THIS AGREEMENT, THAT THE TERMS HAVE BEEN NEGOTIATED BETWEEN PROMOTER AND BOXER AND ARE THE RESULT OF SUCH NEGOTIATION AND THAT BOXER HAS READ ALL PARTS OF THIS AGREEMENT AND UNDERSTANDS THE TERMS HEREOF AND ENTERS INTO THIS AGREEMENT FREELY AND NOT AS THE RESULT OF ANY COERCION OR DURESS.

By its signature below, each party confirms its understanding of and agreement to the foregoing.

**PROMOTER:**

GOLDEN BOY PROMOTIONS, LLC.

By: _[signature]_
Name: _9-17-14._
Title: _V.S._
Date: _9-17-14._

**BOXER:**

[REDACTED]